**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-91-00157-001-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Goclanney, | |
| Defendant. | |

In April 1992, Jennifer Goclanney ("Defendant") was convicted via guilty plea of involuntary manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153, and sentenced to 48 months' probation.  (Doc. 48).

In January 2022, almost 30 years later, Defendant filed the motion now pending before the Court—a motion to expunge her criminal record.  (Doc. 53.)  In her one-paragraph motion, which does not cite any legal authority, Defendant writes: "I would like to have my record expunge[d].  My job requires clearance card and I have been denied." (*Id.*)  In response, the government argues that Defendant's expungement request is foreclosed by *United States v. Sumner*, 226 F.3d 1005 (9th Cir. 2000).  (Doc. 56.)  Plaintiff did not file a reply.

The Court has reviewed *Sumner* and agrees with the government's assessment.  Put simply, the rule in the Ninth Circuit is that "a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief.  The power to expunge

a record of a valid arrest and conviction on equitable grounds must be declared by Congress.  The Constitution prohibits federal courts from expanding their own subject matter jurisdiction."  226 F.3d at 1015.  *See also United States v. Thomas*, 2014 WL 12913268, *2 (D. Ariz. 2014) ("[D]ifficulty in obtaining employment is not sufficient to authorize the Court to order expungement of Thomas' conviction.").

Accordingly,

**IT IS ORDERED** that Defendant's motion (Doc. 53) is **denied**.

Dated this 14th day of March, 2022.

_____
Dominic W. Lanza
United States District Judge